Melchior, Armstrong & Dessau, Inc., demandante y apelante, *v.* Arbona Hermanos, Sucesores, demandada y apelada.

No. 4484.—*Sometido:* Diciembre 12, 1928. *Resuelto:* Mayo 31, 1929.

*José* y *Alberto S. Poventud,* abogados de la apelante; *López de Tord & Zayas Pizarro,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La ejercitada en este caso es una acción en cobro de $1,382.70 procedente de la venta de treinta fardos de papel y cien sacos de harina de maíz.

La demandada acepta que compró a la demandante el papel y la harina pero sostiene que no está obligada a pagar el precio del papel porque éste no le fué entregado en el tiempo especificado en el contrato y en tal virtud se negó a recibirlo y que tampoco debe nada por razón de la harina porque si bien la recibió de conformidad, su precio se compensó con cierta suma que le debía la demandante.

Fué el pleito a juicio. Ambas partes practicaron su prueba y la corte dictó finalmente su sentencia declarando la demanda sin lugar en cuanto al papel, y con lugar, con excepción de una pequeña suma, en cuanto a la harina.

La demandante apeló. La sentencia en lo que se refiere a la harina no se discute. Para pedir su revocación en cuanto al papel, se alegan seis errores a los que nos iremos refiriendo por el orden en que han sido señalados.

 Por el primero sostiene la apelante que ''la Corte de Distrito de Ponce cometió error al admitir en evidencia un copiador de cartas en el que se encuentra una de fecha 24 de agosto de 1924; y, en su consecuencia, al considerar justificada la demandada-apelada al negarse a recibir la mercancía objeto de este litigio, por razón de haber llegado la misma fuera de tiempo.''

Tal como se señala y discute, el error abarca dos extremos: el de la admisión y el del peso de la evidencia.

En cuanto a la admisión de la copia de la carta constante en el libro copiador de cartas de la mercantil demandada, creemos que estuvo autorizada por el artículo 84 de la Ley de Evidencia ya que se aportó la necesaria prueba de que el original fué cursado por correo y la demandante a quien iba dirigido dijo que no lo tenía en su poder.

Al discutir el peso de la evidencia se discute de hecho el de toda la aportada.

Para mayor claridad parece conveniente insertar aquí los hechos declarados probados por el tribunal sentenciador. Son así:

''Que la demandante, por su agente José Pou, en virtud del contrato de 30 de abril de 1923, se comprometió a entregar a la demandada 30 fardos de papel Sulphite, los que debían ser embarcados o despachados por la demandante el mes próximo, a la orden, o sea en el mes de mayo de 1923; que dicho papel no llegó a Ponce hasta el mes de agosto de 1923, y la demandada se negó a aceptarlo por haber venido fuera de tiempo, y así se lo comunicó al señor Pou, agente de la demandante y éste convino con la demandada en que se levantara el papel del muelle y se depositara en los almacenes de la demandada por cuenta de la demandante; que así se hizo y el papel ha seguido allí hasta el presente; que el señor Pou, como agente de la demandante, ofreció ese mismo papel a varios comerciantes de Ponce, quienes declararon al efecto y que lo hacía a nom-

bre de la demandante; que aun cuando en julio de 1924 la demandada escribió a la demandante rehusando pagar giro por la cuantía del papel diciendo que lo había dejado por cuenta de la demandante por no ser lo comprado por ellos, ese hecho fué rectificado en su carta de agosto de 1924 rectificando el error y diciendo que no lo aceptaron por haber llegado fuera de tiempo; que la mencionada carta de julio de 1924 corrobora el hecho de que la mercancía fué dejada por cuenta de la demandante desde su llegada a Ponce, y se llama la atención hacia el hecho de que el señor Pou no lo hubiera comunicado así a la demandante.''

Si la prueba de que desde el primer momento se alegó por la demandada para negarse a aceptar el papel la falta de entrega en el tiempo especificado en el contrato, consistiera únicamente en la carta de que se trata, estaríamos conformes con la apelante en que no sería suficiente, pero la prueba sobre el particular fué abundante y a ella dió entero crédito la corte sentenciadora.

El segundo error se formula así: La corte sentenciadora incurrió en error al admitir en evidencia prueba de supuestas manifestaciones hechas por Don José Pou Carreras, como agente vendedor de la parte actora 'Melchior, Armstrong & Dessau, Inc.,' después de fallecido éste, y siendo contrarias las mismas a las instrucciones escritas de su citada mandante, y que conocía Arbona Hermanos, Sucrs., o sea, la demandada apelada.''

Pou era el agente reconocido de la demandante y fué el que celebró con la demandada el contrato de compraventa de que se trata y el que intervino en los actos que posteriormente ocurrieron. Murió y se permitió al socio de la demandada que con él trató que declarara que cuando llegó el papel la demandada se negó a recibirlo porque habiéndose comprado con la condición de ser embarcado en mayo de 1923 no se recibió hasta agosto siguiente y que, como venían contratando desde hacía veinte años, en evitación de mayores gastos, la demandada a ruegos de Pou estuvo conforme en levantar el papel del muelle y en depositarlo en

su almacén a disposición de la demandante, ocupándose luego Pou de la venta del mismo a otras personas.

Es cierto que las manifestaciones del socio de la demandada, habiendo fallecido el agente de la demandante, deben mirarse con cautela, pero ello no quiere decir que fueran inadmisibles.

En cuanto a que la actitud que al agente de la demandante atribuye el socio de la demandada fuera contraria a las instrucciones de su principal, si bien parece deducirse así de la contestación de la demandante a la carta de la demandada de julio de 1924, es extraño que la demandante que seguramente tenía en su poder cartas de su agente comunicándole la negativa de la demandada a recibir el papel, no las aportara al juicio.

Es un hecho no discutido que la mercancía llegó más de dos meses después de lo que debió haber llegado según los términos expresos del contrato, y la demandante, no obstante haberse alegado la falta de entrega a tiempo en la contestación, ninguna prueba presentó de cuándo fué entregado el papel por la fábrica y embarcado, explicando de algún modo la tardanza. Fió al parecer su caso enteramente en que la demandada sólo había rechazado la mercancía por ser de calidad distinta a la muestra, y la única evidencia que aportó para demostrarlo fué la carta de la demandada de julio de 1924 o sea de cerca de un año después de haber llegado a Ponce el papel.

Dicha carta, como sabemos, fué rectificada, alegándose que fué escrita por el tenedor de libros. Además, se explicó que en efecto el papel no era de la calidad vendida y que a virtud de ello pudo también rechazarse, pero que como la prueba era difícil e insegura—prueba pericial—y existía el motivo claro de la falta de entrega dentro del tiempo expresamente fijado en el contrato, esa falta de entrega se adoptó como base, siendo todo bien entendido desde el principio por el agente de la demandante.

■ Por el tercer error se sostiene que la corte aplicó indebidamente a este caso la jurisprudencia establecida por esta Corte Suprema en el de *McFaddin Rice Milling Co.* v. *Maldonado,* 31 D.P.R. 472.

Desde el momento en que la corte apreció la evidencia en el sentido en que lo hizo, esto es, en el de que se probó que la mercancía no se entregó dentro del tiempo especificado en el contrato, sin que la demandante justificara la tardanza y sin que la demandada hubiera abandonado (*waive*) su derecho, haciéndolo valer por el contrario de modo positivo, el caso de McFaddin, *supra,* era aplicable.

■ El cuarto error se señala con motivo de la declaración de Manuel Pou, por ser dicha declaración de referencia.

Habiéndose demostrado como se demostró que el testigo, hijo del Sr. Pou agente de la demandante, trabajaba con él en el negocio de comisiones y con él estaba estrechamente relacionado y tuvo conocimiento desde el principio de lo ocurrido con el papel a que se refiere este pleito y de las gestiones practicadas para venderlo por cuenta de la demandante después de haberse negado la demandada a aceptarlo, no creemos que sus manifestaciones en relación con la causa alegada por la demandada desde el primer momento y aceptada por el agente, aunque algunos hechos esenciales le constaran en verdad por lo que su padre le dijera, puedan ser totalmente rechazados como prueba de referencia, sobre todo después de haberse permitido que se hicieran sin objeción alguna.

El quinto error se refiere a una apreciación del juez constante en su opinión relativa a que el papel no se vendió con arreglo a determinada calidad. Aceptando que la evidencia demostrara lo contrario—en verdad no lo demuestra de modo claro—el error no tendría importancia.

■ En el sexto y último error se resumen los demás.

Todo depende en este caso del crédito que se dé a la prueba aportada por la demandada. La muerte del agente

de la demandante Sr. Pou hizo difícil la situación de una y otra parte. La transacción se realizó en abril de 1923. El papel llegó a Ponce en agosto de 1923. Una carta de la propia demandante revela que Pou vivía y era su agente reconocido en julio 30 de 1924. El pleito se inició en noviembre de 1926.

Toda la evidencia de la demandada relativa al motivo que tuvo para negarse a recibir el papel es dudosa porque es prueba interesada y susceptible de ser preparada en beneficio propio, pero tampoco fué explícita la del demandante. No se concibe que no tuviera correspondencia de su agente desde el primer momento y que basara todo su caso en una manifestación contenida en una carta de la demandada, escrita cerca de un año después de ocurridos los hechos, que no excluye por completo la defensa de la demandada y que fué por ésta rectificada un mes más tarde cuando tuvo oportunidad de conocer el error cometido, según evidencia abundante ofrecida y apreciada como digna de crédito por la corte sentenciadora.

Bajo esas circunstancias, no habiéndose demostrado error manifiesto alguno, ni pasión, prejuicio o parcialidad por parte del tribunal sentenciador al actuar en la forma en que lo hizo, *debe confirmarse la sentencia apelada.*